# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| Clifford Stanley BOLDEN,<br><br>    Petitioner,<br><br>    v.<br><br>Michael MARTEL,<br>Acting Warden of San Quentin State Prison,<br><br>    Respondent. | Case Number 4-9-cv-2365-PJH<br><br>DEATH-PENALTY CASE<br><br>ORDER GRANTING PETITIONER'S RENEWED MOTION FOR EQUITABLE TOLLING<br><br>[Doc. No. 22] |

    Petitioner is a condemned inmate at San Quentin State Prison. He initiated the present capital habeas action on May 28, 2009, when he asked the Court to appoint counsel and to stay his execution pending the completion of this action. (Doc. No. 1.) On June 1, 2009, the Court granted Petitioner's requests and referred the matter to the Court's Selection Board for the recommendation of counsel to represent him. (Doc. No. 4.) However, the Court was unable to appoint counsel until August 1, 2011. (Doc. No. 15.)

    A one-year statute of limitations applies to federal habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d) (2006). The parties agree that, absent equitable tolling, the limitation period expired for Petitioner on June 10, 2010. (Doc. No. 22 at 6; Doc. No. 29 at 7.)

    Petitioner's renewed motion for equitable tolling is presently before the Court. (Doc. No. 22.) Petitioner seeks equitable tolling until the date of counsel's appointment so that his counsel

may have one year to prepare a finalized petition,[1] which would replace the pro se protective petition that Petitioner filed on June 9, 2010, (Doc. No. 8).  Respondent opposes Petitioner's motion.[2]  (Doc. No. 29.)

The Supreme Court of the United States has held that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2554 (2010).  A federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted).

An indigent capital habeas petitioner has a statutory right to counsel.  18 U.S.C. § 3599(a)(2) (2006).  This right includes "a right to legal assistance in the preparation of a habeas corpus application." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  An attorney's assistance in preparing a capital habeas petition is crucial owing to the complex nature of capital habeas proceedings and the seriousness of the death penalty. *Id.* at 855–56.  In particular, "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *Id.* at 858.  Accordingly,

> when a condemned prisoner has requested counsel and counsel is not appointed until after the deadline for filing a timely petition has passed, the lack of counsel is an extraordinary circumstance that stands in the prisoner's way and prevents the timely filing of a petition that has been prepared with the assistance of counsel, which is the petition that the prisoner has a right to file.

---

[1] In capital habeas actions, "[t]he term 'finalized petition' shall refer to the petition filed by retained or appointed counsel. . . ." Habeas L.R. 2254-28(a).

[2] Respondent contends, inter alia, that federal habeas review of claims set forth in a finalized petition may be effectively barred by *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388 (2011).  (Doc. No. 29 at 10–12.)  *Pinholster* held that federal habeas review of whether a state-court's adjudication of a claim on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1) (2006), "is limited to the record that was before the state court that adjudicated the claim," *Pinholster*, 131 S. Ct. at 1398.  There is no discussion in *Pinholster* of equitable tolling or anything else related to the habeas statute of limitations. *Cf. id.* at 1402 n.12; *id.* at 1411 n.20.  Accordingly, *Pinholster* is inapposite.

1  *Jablonski v. Martel*, No. 3-7-cv-3302-SI, slip op. at 2–3 (N.D. Cal. Sept. 9, 2011) (Order
2  Granting Motion for Equitable Tolling); *see also, e.g., Smith v. Ayers*, No. 3-4-cv-3436-CRB
3  (N.D. Cal. Jan. 8, 2009); *Stanley v. Martel*, No. 3-7-cv-4727-EMC (N.D. Cal. July 26, 2011);
4  *Hoyos v. Wong*, No. 3-9-cv-388-L-NLS, 2010 WL 596443, at *4–*5 (S.D. Cal. Feb. 16, 2010).
5  Indeed, "were the Court to hold otherwise, a capital habeas petitioner's right to counsel would be
6  thoroughly eviscerated." *Smith*, slip. op. at 3.

7  Such is the case for Petitioner, for whom the Court was unable to appoint counsel until
8  more than a year after the limitation period otherwise expired.  In addition, Petitioner "has been
9  pursuing his rights diligently," *Holland*, 130 S. Ct. at 2562, as evidenced by the fact that he
10 initiated the present action and invoked his right to counsel before the statute of limitations even
11 began to run, *see Hoyos*, 2010 WL 596443, at *5.  Accordingly, Petitioner is entitled to equitable
12 tolling of the statute of limitations.

13 After Petitioner filed the present motion, Respondent lodged the state-court record with
14 this Court.  (Doc. No. 27.)  A review of that extremely voluminous record demonstrates that this
15 matter is extraordinarily complex.  Considering this record along with the federal record
16 developed thus far, as well as Petitioner's diligence and his right to the assistance of counsel in
17 preparing a petition, the Court finds that Petitioner will require at least a year from counsel's
18 appointment to prepare and to file a finalized petition, which is the petition that he is statutorily
19 entitled to file.

20 Accordingly, and good cause therefor appearing, the Court grants Petitioner's renewed
21 motion for equitable tolling, (Doc. No. 22).  Petitioner shall file his finalized petition on or
22 before August 1, 2012.

23 The Court requests that the parties avoid dense and lengthy footnotes in future briefing in
24 this action.

25 **IT IS SO ORDERED.**

26 DATED:  December 5, 2011

PHYLLIS J. HAMILTON
United States District Judge

Case No. 4-9-cv-2365-PJH
ORDER GRANTING PETITIONER'S RENEWED MOTION FOR EQUITABLE TOLLING
(DPSAGOK)