**United States District Court**
For the Northern District of California

1
2
3        UNITED STATES DISTRICT COURT
4        NORTHERN DISTRICT OF CALIFORNIA
5        OAKLAND DIVISION
6
7    Cliford Stanley BOLDEN,
8                    Petitioner,            Case No. 4-09-cv-2365 PJH
9        vs.                                 <u>DEATH - PENALTY CASE</u>
10   Michael MARTEL,                         ORDER DENYING MOTION
     Warden of San Quentin State Prison,     TO DISMISS AND GRANTING
11                                           STAY
                     Respondent.
12   _____/

13        Petitioner is a condemned inmate at San Quentin State Prison.  He has filed a

14   habeas petition containing nineteen claims.  The parties agree that the following claims are

15   unexhausted: 3(B)(2)(d), 3(B)(7)(a), 6(B)(3), 6(B)(5), 6(D), 8, 9, 17 (to the extent that it

16   relies on other claims or subclaims that are unexhausted), 18, 19(C),19(D–F) (respondent

17   waives exhaustion as to these subclaims only), 19(G)–(J), 19(M)–(O), 19(T), and 19(V).

18   Claims 18, 19(M)-(N) are premature.  Respondent has filed a motion to dismiss in which he

19   argues that the unexhausted and premature claims must be dismissed and the case

20   continue only on the exhausted claims.  Petitioner has filed a combination opposition to the

21   motion to dismiss and a motion to stay the petition pending exhaustion in state court.  The

22   motions have been fully briefed.  For the reasons that follow, respondent's motion to

23   dismiss will be denied and petitioner's motion to stay will be granted.

24                                **Background**

25        In 1991 petitioner was convicted of first degree murder, with special circumstances

26   of robbery-murder, and robbery with enhancements for use of a weapon and was

27   sentenced to death.  On December 5, 2002, the California Supreme Court affirmed his

28   judgment and sentence.  *People v. Bolden*, 29 Cal.4th 515 (2002).  The United States

United States District Court

For the Northern District of California

1   Supreme Court denied review on May 5, 2003.  *Bolden v. California*, 538 U.S. 1016 (2003).

2   Petitioner filed a state habeas petition in 2001.  The California Supreme Court issued an

3   order to show cause on several claims and appointed a referee to conduct a reference

4   hearing.  These claims were denied on May 4, 2009.  *In re Bolden*, 46 Cal.4th 216 (2009).

5   The remaining claims were denied on the merits on June 10, 2009.  *In re Bolden*, No.

6   S099231 (June 10, 2009).

7        Petitioner initiated this federal capital habeas action on May 28, 2009, by requesting

8   the appointment of counsel and a stay of his execution.  Counsel was appointed on August

9   1, 2011.  The court granted petitioner's renewed motion for equitable tolling (Docket No.

10  30) and a finalized petition was filed on July 31, 2012.  The parties filed a joint statement on

11  April 10, 2013, and respondent filed the instant motion on June 26, 2013.  Petitioner's

12  opposition includes a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005),

13  or alternatively that the court should stay the case under its inherent authority.  Respondent

14  argues that a stay is not warranted.

15                              **Legal Standard**

16  **A.    Exhaustion**

17        Federal courts may not grant a writ of habeas corpus brought by a person in custody

18  pursuant to a state court judgment unless "the applicant has exhausted the remedies

19  available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  The exhaustion

20  requirement is grounded in principles of comity as it gives states the first opportunity to

21  correct alleged violations of a prisoner's federal rights.  *Coleman v. Thompson*, 501 U.S.

22  722, 731 (1991).

23        A federal constitutional claim is exhausted when it has been "fairly presented" to the

24  highest state court and that court has had a meaningful opportunity to apply controlling

25  legal principles to the facts underlying the claim.  *Picard v. Connor*, 404 U.S. 270, 276–77

26  (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir.1985), cert. denied, 478 U.S. 1021

27  (1986).  A claim has been "fairly presented" if the petitioner described in state court both

28  the legal theories and the operative facts on which he bases the claim.  *Picard*, 404 U.S. at

2

277–78; *see Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1995).

In *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011), the Supreme Court held federal habeas review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *See id.* at 1398 (holding district court erred in considering evidence introduced for first time in federal court). Consequently, if a federal habeas petitioner wishes a federal court to consider new evidence in deciding whether his claims survive review under Section 2254(d)(1), he must first seek leave to present that evidence in state court. *See, e.g., Gonzalez v. Wong*, 667 F.3d 965 (2011) (remanding potentially meritorious *Brady* claim supported by newly-discovered materials obtained during federal habeas proceedings, with instructions to district court to stay proceedings to permit petitioner to present claim to California Supreme Court).

**B.     Stay and Abeyance**

The Supreme Court follows a rule of "total exhaustion," requiring all claims in a habeas petition be exhausted before a federal court may grant the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Where a petition contains both exhausted and unexhausted claims, however, a district court has discretion to stay such "mixed petition" to allow the petitioner to exhaust his claims in state court without running afoul of the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines v. Weber*, 544 U.S. 269, 273-75 (2005). Further, a district court must stay a mixed petition if: (1) the petitioner has good cause for his failure to exhaust his claims, (2) the unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics. *Id.* at 278.

Neither the Supreme Court nor the Ninth Circuit has articulated precisely what constitutes "good cause" for purposes of granting a stay under *Rhines*. In *Pace v. Digugliemo*, 544 U.S. 408 (2005), the Supreme Court stated, in dicta, that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" despite the state procedural bar. *See id.* at 416. More recently, in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Supreme Court held that

3

**United States District Court**
For the Northern District of California

1  ineffective assistance of postconviction counsel may constitute cause for overcoming

2  procedural default.  *See id.* at 1315.

3      Additionally, the Ninth Circuit has clarified that "good cause" for failure to exhaust

4  does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661–62

5  (9th Cir. 2005).  The Ninth Circuit has also held, however, that the good cause requirement

6  should be interpreted in light of the Supreme Court's admonition that stays be granted only

7  in "limited circumstances" so as not to undermine AEDPA's "dual purposes" of reducing

8  delays in the execution of criminal sentences, and streamlining federal habeas proceedings

9  by increasing a petitioner's incentive to exhaust all claims in state court.  *Wooten v.*

10 *Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (holding petitioner's mistaken "impression"

11 that his counsel had included claim in appellate brief does not qualify as "good cause" for

12 failure to exhaust; noting acceptance of such excuse "would render stay-and-obey orders

13 routine").

14     Lastly, district courts have diverged in their interpretation of "good cause."  A number

15 of district courts have drawn an analogy between "good cause" for failure to exhaust and

16 the showing required to overcome a procedural bar.  *See, e.g., Hernandez v. Sullivan*, 397

17 F.Supp.2d 1205, 1207 (C.D. Cal. 2005); *Bader v. Warden*, 2005 WL 1528761 at *7 (D. N.H.

18 2005).  As noted therein, to show "cause" for a procedural default, a petitioner ordinarily

19 must show some objective factor external to the defense impeded counsel's efforts to raise

20 the claim in state court.  *See Hernandez*, 397 F.Supp.2d at 1207 (citing *Coleman v.*

21 *Thompson*, 501 U.S. 722, 753 (1991)); *see also Murray v. Carrier*, 477 U.S. 478, 488

22 (1986).  Other courts, however, have found the "good cause" requirement for a stay to be

23 less stringent than that required in the procedural default context.  *See, e.g., Corjasso v.*

24 *Ayers*, 2006 WL 618380 at *1 (E.D. Cal. 2006) (comparing good cause standard to that of

25 excusable neglect); *Hoyos v. Cullen*, 2011 WL 11425 at *9 (S.D. Cal. 2011) (same).

26

27

28                                      **Discussion**

4

**United States District Court**
For the Northern District of California

1  **A.    Good Cause**

2        Petitioner contends that the ineffectiveness of his state habeas counsel and changes

3  in the law arising from the *Pinholster* decision constitute good cause for his failure to

4  previously exhaust these claims.

5        **1.    Ineffective Assistance of Counsel**

6        Several courts have found that the ineffective assistance of counsel during

7  postconviction proceedings may constitute good cause for the failure to exhaust claims in

8  state court.  *See, e.g.*, *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210-11 (D. Nev. 2006);

9  *Ramchair v. Conway*, 2005 WL 2786975 at *17–18 (E.D. N.Y. 2005); *Boyd v. Jones*, 2005

10  WL 2656639 at *4 (E.D. Mich. 2005); *Martin v. Warren*, 2005 WL 2173365 at *2 (E.D. Mich.

11  2005).  Other courts have found that the actions of appellate counsel did not constitute

12  good cause.  *See, e.g.*, *Meredith v. Lopez*, 2011 WL 2621359 at *3 (E.D. Cal. 2011)*;*

13  *Hernandez v. California*, 2010 WL 1854416 at *2 (N.D. Cal. 2010); *Gray v. Ryan*, 2010 WL

14  4976953 at *4 (S.D. Cal. 2010).

15        While the actions of counsel were distinct for each of these above cases to warrant

16  or not warrant good cause, the court need not make that determination here or discuss

17  each claim.  As will be discussed below, good cause for a stay can be found due to the

18  change in law arising from *Pinholster*.  *See, e.g, Salcido v. Martel*, 2013 WL 5442267 at *4-

19  5 (N.D. Cal. 2013) (court did not need to analyze ineffectiveness of appellate counsel to

20  determine good cause for a stay, as the change in law from *Pinholster* was sufficient to find

21  good cause); *Pollack v. Chappell*, 2013 WL 5187471 at *3-4 (N.D. Cal. 2013) (same).

22        **2.    Change in Law**

23        Petitioner argues that the decision in *Pinholster* changed habeas law enough for

24  situations such as his and will therefore provide good cause for a *Rhines* stay.  Under *Reed*

25  *v. Ross*, 468 U.S. 1, 16 (1984), a change in the law may constitute "cause" for failure to

26  comply with applicable procedures.  In *Reed*, the Supreme Court held that "where a

27  constitutional claim is so novel that its legal basis is not reasonably available to counsel, a

28  defendant has cause for his failure to raise the claim in accordance with applicable ...

United States District Court

For the Northern District of California

1    procedures." *Id.* The Court outlined several examples of when a claim is "not reasonably

2    available" so as to be considered novel, including a situation where the Supreme Court

3    issues a decision that "disapprove[s] a practice ... sanctioned in prior cases." *Id.* at 17.

4    *Pinholster* is such a decision.

5            *Pinholster* introduced a significant shift in the law sufficient to constitute "cause."  As

6    noted in *Martinez v. Martel*, Order Granting Leave To Amend And A Stay Pursuant To

7    *Rhines v. Weber*, CV 04–09090 (C.D. Cal. July 17, 2011):

8            *Pinholster* significantly altered what petitioner must do to exhaust his federal
         constitutional claims so that the federal court can review them de novo.
9        Under the traditional test, exhaustion occurs when a habeas petitioner has
         'fairly presented' his or her claim to the highest state court . . . Under
10       traditional analysis, new evidence presented for the first time in federal court
         does not render a claim unexhausted unless it 'fundamentally alter[s] the legal
11       claim already considered by the state courts.'  Prior to *Pinholster*, the Court
         consistently held that traditional exhaustion doctrine was unaffected by
12       AEDPA.  Although *Pinholster* does not, by its terms, purport to alter the
         exhaustion requirement, *Pinholster* holds that, in determining whether a
13       habeas petitioner's claim survives review under AEDPA, 'review under §
         2254(d)(1) is limited to the record that was before the state court that
14       adjudicated the claim on the merits.' . . . After *Pinholster*, if a federal habeas
         petitioner wishes for a federal court to consider new evidence in deciding
15       whether his claims survive review under Section 2254(d)(1), he must first
         present that evidence in state court.  Although not couched in terms of
16       exhaustion, *Pinholster's* holding substantially tightens the exhaustion
         requirement, imposing a 'new obligation' with which a habeas petitioner must
17       comply to obtain de novo review of his claims in federal court.

18   *Martinez* at 37–39 (internal citations omitted).  *See also, Pinholster*, 131 S. Ct. at 1417

19   (Sotomayor, J., dissenting) (previously, circuit courts had taken two different approaches to

20   applying § 2254(d)(1), but both approaches allowed new evidence to be considered during

21   that analysis).[1]  Because the change in the law effected by *Pinholster* implicates a

22   circumstance constituting "cause" under *Reed*, it constitutes good cause for petitioner's

23   failure to exhaust.  *See also Burney v. Martel*, Order On Petitioner's Motion For A Stay

24   Pending Exhaustion, CV 10–0546 (C.D. Cal. November 14, 2011).

25   **B.      Merit of Claims and Dilatory Tactics**

26

27           [1] For example, federal habeas counsel obtained new declarations from trial counsel and
     the trial investigator that were not part of the state habeas petition and cannot be considered
28   unless now presented to the state court.  Opposition at 11.

United States District Court

For the Northern District of California

1    Under the second prong of the *Rhines* test, a district court would abuse its discretion

2    if it were to grant a petitioner a stay when his unexhausted claims are "plainly meritless."

3    *Rhines*, 544 U.S. at 277.  Petitioner has articulated cognizable constitutional claims

4    supported by relevant legal authority, and has presented such evidence and offers of proof

5    as are available to him at this time.  Based on its review of the record, the court cannot

6    conclude petitioner's unexhausted claims can be characterized as "plainly meritless."  *See*

7    *id.*

8    Under *Rhines*, if the first two requirements are met, "it likely would be an abuse of

9    discretion for a district court to deny a stay and to dismiss a mixed petition if ... there is no

10   indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Id.* at 278.

11   The court has already found that petitioner has been pursuing his rights diligently, in the

12   order granting equitable tolling.  Docket. No. 30.  Since that time, petitioner has been

13   following this district's Habeas Local Rules in litigating his petition, and there is no evidence

14   suggesting petitioner has engaged in dilatory litigation tactics.[2]  For all these reasons,

15   petitioner is granted a stay pursuant to *Rhines*.

## CONCLUSION

16

17   1.  Respondent's motion to dismiss (Docket No. 46) is **DENIED**.

18   2.  Petitioner's motion to stay is **GRANTED**.

19   3.  Within forty-five days, petitioner shall file an exhaustion petition raising claims

20   3(B)(2)(d), 3(B)(7)(a), 6(B)(3), 6(B)(5), 6(D), 8, 9, 17, 18, 19(C), 19(G)–(J), 19(M)–(O),

21   19(T), and 19(V).

22   4.  Although respondent waived the exhaustion requirement with respect to claims

23   19(D-F), any supporting allegation or documentation that was not part of the state court

24   record must, pursuant to *Pinholster*, be presented to the California Supreme Court before it

25   may be reviewed by this Court under 28 U.S.C. § 2254(d)(1), and, accordingly, are to be

26   included in the exhaustion petition.

27

28      _____

[2]  This federal action commenced prior to *Pinholster* being issued.

1        5. Petitioner shall inform the court of the date of the filing of his state habeas petition

2    and submit quarterly status updates. No later than twenty-eight days after proceedings in

3    his state habeas case are completed, petitioner shall serve and file notice that proceedings

4    are completed.

5        **IT IS SO ORDERED.**

6    Dated: January 6, 2014.        _____

7                             PHYLLIS J. HAMILTON

                         United States District Judge

8    G:\PRO-SE\PJH\HC.09\Bolden2365.DP.mtd.wpd

**United States District Court**

For the Northern District of California

8